NELLIE McKEE v. CINCINNATI TRACTION CO.

PROVINCE OF COURT AND JURY ON QUESTIONS OF CONTRIBUTORY NEGLIGENCE.

Where a passenger on an inclined railroad attempts to step from the truck to the platform, before the truck has been securely fastened, the gate having been opened by defendant's servant, and is injured by falling between the truck and platform, the jury should be left to determine whether or not the danger was so obvious that the plaintiff in the ordinary exercise of her faculties could have known of the same.

[For other cases in point, see 6 Cyc. Dig., "Negligence," §§ 705-722.—Ed.]

[Syllabus approved by the court.]

ERROR to Hamilton common pleas court.

**D. D. Woodmansee,** for plaintiff in error.

**Kittredge & Wilby,** for defendant in error.

**GIFFEN, J.**

While the opinion announced in this case at a former hearing and reported in *Cincinnati Trac. Co.* v. *McKee,* 27 O. C. C. 630, may possibly be construed as holding that the failure of the plaintiff to look down and observe where she was stepping, was, under any circumstances of the case, as matter of law contributory negligence; yet it is manifest that the court did not intend to so hold, else it would have rendered judgment for the defendant instead of remanding the case for a new trial, as the fact itself was undisputed. There were in that case, as there are in most cases of the kind, circumstances to be considered in determining whether the plaintiff was excused for failure to observe where she was stepping. We weighed the evidence as shown by the record and found no fact of sufficient weight to afford a good excuse, although different minds might reasonably arrive at a different conclusion, as did one of the judges who sat in the case.

The record now before us was made upon an amended petition in which the negligence is charged as follows:

"Plaintiff avers that the defendant, by its agents and servants carelessly, unskillfully and improperly managed and controlled said truck and said incline railway, by opening the gates on said truck, upon which plaintiff was a passenger, for the egress of passengers, before said truck had been securely fastened to said stationary platform, and by carelessly moving said truck and attempting to fasten the same to said platform after said gates had been negligently opened as aforesaid, and while plaintiff upon invitation of defendant was passing from said truck to said stationary platform—because of which, and without fault on her part, plaintiff's left foot was pressed between said truck and said stationary platform."

It is difficult to determine from this petition or the evidence whether the truck momentarily ceased moving and then, after the gates were opened, started up again, or continued to move without interruption from the time it left the base of the incline until it bumped against the platform at the top and caught the plaintiff's foot. Were it not for the testimony of Mary Brinkmeyer at page 51 of the bill of exceptions, which itself is by no means clear, we would conclude that the truck never ceased moving up until the accident occurred. In that case the plaintiff herself must have been conscious of the continued upward movement of the truck, of the space between the truck and the platform, and of the danger in attempting to pass out without looking down or observing where she was stepping and hence was required to look, or offer some reasonable excuse for not looking.

### McKee v. Traction Co.

But leaving that out of consideration the question is fairly presented by undisputed evidence, whether the fact that the gates were partly opened by the attendant, to wit, about two feet, justified the plaintiff in assuming that the truck was securely fastened to the platform, and in walking off without looking down, there being nothing to prevent her from so looking and seeing the space between the truck and the platform and thereby avoiding injury.

It will be observed that the gates were only partly opened and although there was room for the plaintiff to walk out, there was no complete invitation to do so. If she had actually closed her eyes, and then, relying on the fact that the gates were partly opened, attempted to walk out, the danger of having her foot crushed would have been no greater, and her negligence would have been no more contributory, yet no one would claim that under such circumstances she would be free from blame.

It is claimed that this case should be governed by the case of *Chamber of Commerce Bldg. Co.* v. *Klussman*, 25 O. C. C. 728, and the case of *Breuer* v. *Frank*, 16 Dec. 231, both being affirmed without report by the Supreme Court. In the former case the third proposition of the syllabus is as follows:

"The entrance to the shaft of a passenger elevator is not ordinarily a place of danger and persons having a right to ride on the elevator on seeing the entrance open may assume that the cab of the elevator is in the shaft at that floor. Hence, a tenant of a building is not guilty of contributory negligence who while going on an errand approaches the elevator shaft to be conveyed by the elevator to the floor where he has his office, and finding the shaft open and being deceived by the resemblance of the inside of the shaft to the cab of the elevator steps into the shaft, falls to the bottom and is injured although by looking closely he might have observed that the cab was not present."

This did not relieve the plaintiff in that case of all care in the premises, but holds only that, from the fact that the elevator door was open he was justified in assuming the presence of the cab, and in relying to some extent at least upon its presence.

In the case before us the reliance was absolute and unqualified, not because she saw the situation of the truck, but because the gates were partly opened by the attendant.

In the case of *Frank* v. *Breuer, supra,* the chief contention arose on a special instruction given by the court to the jury, to wit:

"If you find from the evidence that at the time the plaintiff approached the door leading to the elevator shaft the door was wide open,

## Hamilton County.

the plaintiff was not obliged in law to stop, look and make a special examination to find out if the elevator cab was there. And if, under such circumstances, he stepped into the open shaft without first stopping to look and make a special examination, that fact alone would not in law constitute contributory negligence such as would bar the plaintiff from recovering in this case.''

.It may well be, that the plaintiff in that case was not obliged in law to stop, look and make a special examination, nor to stop for the purpose of looking and making a special examination, and yet be required to look; hence the instruction was not erroneous.

In this case it was unnecessary for the plaintiff to stop, listen, specially examine the truck, or change her position, and the only requirement necessary to avoid injury was to look before stepping. The source of danger was plainly visible, although not actually known, and hence brings the case within the rule stated in *Conneaut* (*Vil.*) v. *Naef*, 54 Ohio St. 529 [44 N. E. Rep. 236]. There was no error in directing a verdict for the defendant.


JELKE, J.

I dissent from the views expressed by Judge Giffen and am of the opinion that the question should have been submitted to the jury, whether or not the opening was in the circumstances so obvious that Nellie McKee in the ordinary exercise of her faculties could have known of the same.

Judgment of the common pleas reversed.

**Swing, J.**, concurs with Jelke, J.